■ STANLEY NOVACK, Jr., an Infant by His Mother and Natural Guardian, ANNA NOVACK, et al., Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Order, Supreme Court, New York County, entered on June 23, 1972, granting leave to institute suit against the Motor Vehicle Accident Indemnification Corporation, reversed, on the law and the facts, without costs and without disbursements, the motion denied and the petition dismissed. The infancy of the plaintiff has been held to be an unacceptable excuse for failure to report the occurrence of a hit-and-run accident within the 24-hour period as prescribed by subdivision (b) of section 608 of the Insurance Law. (*Matter of Davis* [*MVAIC*], 33 A D 2d 663.) And on this

sparse record we are unable to discern a sufficient excuse for not adhering to the 24-hour requirement. (See, also, *Ithier* v. *MVAIC*, 31 A D 2d 616.) Concur — McGivern, Lane and Capozzoli, JJ.; Stevens, P. J., and Kupferman, J., dissent in the following memorandum by Kupferman, J.: We would affirm. The infant petitioner was about 11 years old at the time of the alleged automobile accident. He informed his mother shortly after the alleged accident that he had been struck by a vehicle which he could not identify. The following day, she took him to a physician, where it was determined that his arm had been broken. The day after, the child's mother reported the accident to the police. For leave to sue under the Accident Indemnification Law, subdivision (b) of section 608 of the Insurance Law requires a report within 24 hours after the occurrence, or if not so made, it " shall not prejudice the rights of any person filing hereunder if it shall be shown not to have been reasonably possible to make such a report or that a report was made as soon as was reasonably possible." After a trial on the issue, the court determined that the report was within a reasonable time. There was no abuse of discretion in this finding. The case of *Matter of Davis* (*MVAIC*) (33 A D 2d 663) is not to the contrary. There the issue was whether there was a report within the 24-hour period, and 5 days elapsed before the report was made. Here, the issue is the reasonableness of the 48-hour time lapse, the fact that no prejudice is alleged by the appellant, and the discretion of the trial court.